Mr. Chief Justice Johnson delivered the opinion of the Court. The only objection made to the indictment, upon the motion to quash, was, that the offence was not charged to have been committed with a felonious intent. The question therefore to be determined, is, is the indictment defective for the reason that the acts charged to have been committed by the defendant, are not charged to have been committed feloniously, or with a felonious intent. The general rule is, that the charge must be laid in the indictment so as to bring the case within the description of the offence as given in the statute, alleging distinctly all the essential requisites that constitute it. Nothing is to be left to implication or intendment. Generally speaking it is sufficient to pursue the words of the act; but if in pursuing them there should be any ambiguity or uncertainty in charging the offence, the pleader should regard the substance and legal effect of the enactment. And when words or terms of art are used in the description that have a technical meaning at common law, these should be followed, being the only terms to express, in apt and legal language, the nature and character of the crime. In all cases of felonies at common law and some also by statute, the felonious intent is deemed an essential ingredient in constituting the offence, and hence the indictment will be defective, even after verdict, unless the intent is averred. The rule has been adhered to with great strictness, and properly so where this intent is a material element of the crime. Sir William Black stone observes that the term “felony” originally denoted the penal consequences of the crime, namely, the forfeiture of the lands and goods, but that by long use, it came at last to signify the actual crime committed. He further remarks that the idea of felony is so generally connected with that of capital punishment, that it is difficult to separate them, and that the interpretation of the law conforms to that usage; and therefore, if a statute makes any new offence felony, the law implies that it shall be punished with deatlq that is, by hanging as well as by forfeiture, unless the offender prays the benefit of clergy. (4 Bl. Com. 97. Wend. Ed.) This view accounts for the necessity of the averment of a felonious intent in all indictments for felony at common law; and also in many cases when made so by statute; because if it is used, in the sense of the law, to denote the actual crime itself, the felonious intent becomes an essential ingredient to constitute it. The term signifying the crime committed, and not the degree of punishment, the felonious intent is of the essence of the offence, as mncb so, as the intent to maim or disfigure, in the case of Mayhem, or to defraud in the case of forgery, are essential ingredients in constituting these several offences. But in eases where this felonious intent constitutes no part of the crime, that being complete under the statute without it, and dependent upon another and different criminal intent, the rule can have no application in reason however it may be upon authority. The statute upon which the indictment in question is founded, describes the several acts which make up the offence, and then declares the person to be guilty of felony, punishable by fine and imprisonment. The transmission or presentation of any deed or other writing to any office or officer of the government in support of, or in relation to, any account or claim, with the intent to defraud the United States, knowing the same to be false, are the only essential ingredients. The felonious intent is no part of the description, as the offence is complete without it. Felony is the conclusion of law from the acts done with the intent described, and makes part of the punishment; as in the eye of the common law, the prisoner thereby becomes infamous and disfranchised. These consequences may not follow, legally speaking, in a government where the common law does not prevail; but the moral degradation attaches to the punishment actually inflicted. This question arose in a case before Park, J. on the Northern Circuit in 1831, on the trial of an indictment for burning stacks of grain, which is made felony by the 22 & 23 Car. 2. The second count charges the prisoner with aiding and abetting, and an objection was taken that the indictment should have averred that he was feloniously present aiding and abetting. Park, J., was inclined to think the objection fatal, but allowed the trial to proceed and the prisoner was acquitted on the facts. Carrón and another’s case, 1 Levin’s Northern Circuit. It again arose before Lord Lyndhurst, C. B., at the Durham Assizes in 1834, on an indictment under the statute of Mayhem, 9 Geo. 4, ch. 31 & 2. An objection was taken after conviction that the indictment did not allege that the prisoner upon the prosecutor feloniously did make an assault, áte., but it was held that, as the indictment described the offence in the words or terms of the statute, it was sufficient. (Deacon on Cr. Law, supft. 1652, 1681, Rex v. Thomas Liddle.) This statute, after describing the acts constituting the offence, concludes, like the one before us, that every such person shall be guilty of felony, and on conviction shall suffer death. The decision therefore bears directly upon the question in hand, and as the principle seems to have been given up in the country from whence it was derived, and at the best is here but the merest technicality, it is difficult to perceive any ground for still giving it effect. It would be otherwise, if the felonious intent was descriptive of the offence, and not simply of the punishment. (See 8 Howard’s U. S. Rep. 44, 5 and 6.) That case is directly in point, and fully conclusive of the question here presented. The statute upon which the present indictment is founded, also describes the several acts which make up the offence, and then declares that the person who shall commit such acts shall be adjudged guilty of larceny, and that he shall be punished in the same manner as if he had feloniously stolen the property. The marking, branding or altering the mark or brand of any animal (the subject of larceny,) being the property of another with an intent to steal or convert the carcass or skin of any such animal to one’s own use, or to prevent identification thereof by the true owner, are the only essential ingredients. The felonious intent is no part of the description, as the offence is complete without it. The felony is the conclusion of the law from the acts done with the intent described, and makes part of the punishment; as under our statute the prisoner is rendered infamous and also disfranchised. {Digest, chap. 51, part 10, and secs. 3 and 4.) The objection to the indictment therefore is not well founded in law, and consequently the Circuit Court erred in sustaining the demurrer. The judgment of the Circuit Court of Jackson county herein rendered is consequently, for the error aforesaid, reversed, annulled, and set aside, and the cause remanded, to be proceeded in according to law and not inconsistent with this opinion.